FILED

14 JUN -5 PM 12: 10

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY   D G/   DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| MATTHEW L. SMELTZER, Petitioner, v. CALIFORNIA, Respondent. | Civil No.  14-1251 WQH (WVG)<br><br>**ORDER:**<br><br>**(1) CONSTRUING ACTION AS A PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254**<br><br>**(2) DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |
|---|---|

Petitioner, a state civil detainee proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his civil commitment under California's Sexually Violent Predator Act.

**FAILURE TO SATISFY THE FILING FEE REQUIREMENT**

Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis. Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. See Rule 3(a), 28 U.S.C. foll. § 2254. If Petitioner wishes to proceed with this case, he must submit, **no later than August 4, 2014,** a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee. The Clerk

1 of Court shall send a blank Southern District of California In Forma Pauperis
2 Application to Petitioner along with a copy of this Order.

### BASIS FOR PETITION

Petitioner alleges in his current petition that he is in custody pursuant to civil commitment He challenges his involuntary civil commitment to the custody of the California Department of Mental Health as a sexually violent predator, pursuant to a judgment of the San Diego Superior Court. Although Petitioner filed this action pursuant to 28 U.S.C. § 2241, involuntary commitment satisfies the custody requirement of 28 U.S.C. § 2254. *Duncan v. Walker*, 553 U.S. 167, 176 (2001) (state court order of civil commitment satisfies § 2254's "in custody" requirement). Section 2254 is properly understood as "in effect implementing the general grant of habeas corpus authority found in § 2241, as long as the person is in custody pursuant to the judgment of a state court, and not in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction." *White v. Lambert*, 370 F.3d 1006, 1006 (9th Cir. 2004). Moreover, the Ninth Circuit has observed that section 2254 a state civil detainee under an involuntary civil commitment scheme appropriately uses a § 2254 habeas petition to challenge the legality of a term of confinement. *See Huftile v. Miccio–Fonseca*, 410 F.3d 1136, 1139-40 (9th Cir.2005). Therefore, this Court construes this action as one brought pursuant to 28 U.S.C. § 2254.

### FAILURE TO NAME A PROPER RESPONDENT

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a petitioner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.* A proper named respondent in federal habeas proceedings is one who "has the power to order the petitioner's release." *Smith v. Idaho*, 392 F.3d 350, 355, fn. 3 (9th Cir. 2004). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the

state officer who has official custody of the petitioner (for example, the warden of the prison).'" *Ortiz-Sandoval*, 81 F.3d at 894 (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note). Under California law, sexually violent predator committees are in "the custody of the State Department of Mental Health." Cal. Welf. & Inst. Code § 6604.

Here, Petitioner has incorrectly named "California" as the respondent. In order for this Court to entertain the Petition filed in this action, Petitioner must name the Director of California's Department of State Hospitals or the Executive Director of the facility in which he is currently confined. *See Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

## CONCLUSION AND ORDER

Based on the foregoing, the Court **CONSTRUES** this action as a petition for writ of habeas corpus under 28 U.S.C. § 2254, and **DISMISSES** the petition for failure to satisfy the filing fee requirement and failure to name a proper respondent. In order to have this case reopened, Petitioner must (1) pay the filing fee or provide adequate proof of his inability to pay <u>and</u> (2) file a First Amended Petition which names a proper respondent, **no later than August 4, 2014**. For Petitioner's convenience, the Clerk of Court shall attach to this Order a blank in forma pauperis application and a blank 28 U.S.C. § 2254 First Amended Petition form.

**IT IS SO ORDERED.**

DATED: 6/4/14

William Q. Hayes
United States District Judge