# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| MATTHEW L. SMELTZER, | CASE NO. 14-cv-1251-WQH-WVG |
|---|---|
| Petitioner, | ORDER |
| vs. | |
| AUDREY KING, | |
| Respondent. | |

HAYES, Judge:

The matter before the Court is the review of the Report and Recommendation (ECF No. 17) issued by the United States Magistrate Judge.

## I. Background

In 2010, the San Diego District Attorney's Office filed an Amended Petition for Involuntary Treatment of a Sexually Violent Predator under California Welfare and Institutions Code § 6600 *et seq.* against Petitioner Matthew L. Smeltzer. (ECF No. 15-1 at 20-23). A jury found beyond a reasonable doubt that Smeltzer was a sexually violent predator, and the trial court ordered that Smeltzer be committed to the Department of Mental Health for an indeterminate term. *See* ECF No. 15-1 at 133-136; Cal. Welf. & Inst. Code § 6604. Smeltzer filed a direct appeal of his commitment in the California Court of Appeal in June 2012. (ECF No. 15-2 at 92). In August 2013, the California Court of Appeal affirmed the trial court's rulings in an unpublished opinion. (ECF No. 15-5).

In May 2014, Smeltzer commenced this action by filing a Petition for Writ of Habeas Corpus (ECF No. 1). In June 2014, this Court issued an Order construing the action as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 2). In May 2015, Smeltzer filed the First Amended Petition for Writ of Habeas Corpus (the "Petition"). (ECF No. 8). Respondent Audrey King filed an Answer in July 2015. (ECF No. 15). In August 2015, Smeltzer filed a Traverse. (ECF No. 16).

In February 2016, the United States Magistrate Judge issued the Report and Recommendation, recommending that this court deny the Petition. (ECF No. 17). In June 2016, the Court issued an Order appointing counsel to represent Smeltzer. (ECF No. 19). In April 2017, Smeltzer filed an Objection to the Report and Recommendation. (ECF No. 28). King filed a Reply in May 2017. (ECF No. 30).

**II. Legal Standard**

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b).

**III. Analysis**

Smeltzer's Petition asserts the following five grounds for relief: (1) the trial court violated his Fourteenth Amendment right to due process when it prevented his counsel from asking expert witnesses certain questions; (2) the instructions given to his jury violated his Fourteenth Amendment right to due process; (3) his indeterminate commitment violates his Fourteenth Amendment right to equal protection; (4) his indeterminate commitment violated his rights under the Due Process Clause, the Ex Post Facto Clause, and the Cruel and Unusual Punishments Clause; and (5) his indeterminate commitment violates the Double Jeopardy Clause of the Fifth Amendment. The Court addresses each ground for relief below.

**A. Ground One: The Expert Witness Testimony**

   **1. Background**

The California Welfare and Institutions Code § 6604 provides that, if "the court or jury determines that [a] person is a sexually violent predator, the person shall be committed for an indeterminate term to the custody of the State Department of State Hospitals for appropriate treatment and confinement in a secure facility . . . ." A "[s]exually violent predator" is "a person who has been convicted of a sexually violent offense . . . and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." Cal. Welf. & Inst. Code § 6600(a)(1). A "'[d]iagnosed mental disorder' includes a congenital or acquired condition affecting the emotional or volitional capacity that predisposes the person to the commission of criminal sexual acts in a degree constituting the person a menace to the health and safety of others." *Id*. at § 6600(d).

At Smeltzer's trial, the government called two expert witnesses (Dr. Robert Owen and Dr. Eric Simon) and Smeltzer called one (Dr. Alan Abrams). (ECF No. 17 at 11-12). All three experts testified about the standard that they used to determine whether Smeltzer has a "volitional impairment," *id*. at 10-17, *i.e.* a "condition affecting [his] . . . volitional capacity that predisposes [him] to the commission of criminal sexual acts in a degree constituting [him] a menace to the health and safety of others," Cal. Welf. & Inst. Code § 6600(a)(1). However, the trial court did not permit Smeltzer's counsel to ask certain specific questions about *People v. Burris*,126 Cal. Rptr. 2d 113 (Cal. Ct. App. 2002). *Id*. Smeltzer contends that the trial court violated his Fourteenth Amendment right to due process when it prevented his counsel from asking those questions. (ECF No. 8 at 6). On direct appeal, the California Court of Appeal held that the trial court's decision not to allow Smeltzer's counsel to ask those questions did not violate Smeltzer's Fourteenth Amendment rights. (ECF No. 15-5 at 14).

After noting that Smeltzer's counsel's examination of Dr. Abrams "includ[ed]

1  a lengthy discussion of Dr. Abrams' definition of volitional impairment," the
2  Magistrate Judge concluded that "Petitioner's counsel was not precluded from
3  presenting expert witness testimony on the issue of volitional impairment. Thus,
4  Petitioner has not established that the 'evidentiary decision' to preclude Dr. Abrams
5  from testifying about case law 'created an absence of fundamental fairness that fatally
6  infected the trial.'" ECF No. 17 at 16-17 (citing *Ortiz-Sandoval v. Gomez*, 81 F.3d 891,
7  897 (9th Cir. 1996)).

Smeltzer objects to the Magistrate Judge's conclusion that his counsel was not precluded from presenting testimony on volitional impairment. (ECF No. 28 at 3).

**2. Discussion**

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") because it was filed after April 24, 1996 and Petitioner is in custody pursuant to a state court judgment. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under the AEDPA, a court may not grant a habeas petition "with respect to any claim that was adjudicated on the merits in State court proceedings" unless the state court's judgment "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254. Errors in the admission or exclusion of evidence are generally not a basis for federal habeas corpus relief. *Charlton v. Kelly*, 229 U.S. 447, 457 (1913). A habeas petitioner is only entitled to relief based on an evidentiary decision "if the evidentiary decision created an absence of fundamental fairness that 'fatally infected the trial.'" *Ortiz-Sandoval*, 81 F.3d at 897 (quoting *Keaohapauole v. Shimoda*, 800 F.2d 1463, 1465 (9th Cir. 1986)).

Smeltzer does not contend that the trial court prevented his counsel from asking any questions related to the volitional impairment issue other than those dealing with the specifics of *Burris*. Trial courts establish the law of the case, and witnesses are typically prohibited from testifying about the law. *Summers v. A.L. Gilbert Co.*, 82 Cal.

Rptr. 2d 162, 175-80 (Cal. Ct. App. 1999). However, expert witnesses are sometimes asked to opine on "the ultimate issue to be decided by a trier of fact," such as whether a person is insane. *People v. Lowe*, 149 Cal. Rptr. 3d 860, 863 (Cal. Ct. App. 2012). One such "ultimate issue" is whether "a person meets or does not meet statutory criteria for classification as a sexually violent predator." *Id.* California's Sexually Violent Predator's Act "specifically contemplates [that] the trier of fact will have the benefit of expert opinion and analysis. (*See* § 6603, subds. (a) & (c)(1) [both parties may obtain expert evaluations and present expert testimony])." *Id.* at 863-64. Experts testifying on this issue are permitted to articulate the standard they used to form their opinion; otherwise, "the jury would not know[] whether the experts' opinions were based on the appropriate criteria." *Id.* at 864. It does not follow that expert witnesses presenting their opinion on whether someone qualifies as a sexually violent predator must be permitted to discuss the specifics of every case involving a sexually violent predator classification; such discussions are not required for the jury to "know[] whether the experts' opinions were based on the appropriate criteria." *Id.* at 864.

The trial judge's decision not to allow certain questions about the details of *Burris* did not prevent Smeltzer's counsel from questioning the experts about the volitional impairment standard they used to form their opinions. Nor did it "create[] an absence of fairness that 'fatally infected the trial.'" *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 897 (9th Cir. 1996) (quoting *Keaohapauole v. Shimoda*, 800 F.2d 1463, 1465 (9th Cir. 1986)).[1] The California Court of Appeal correctly concluded that the trial court's decision not to allow the specific *Burris* questions did not violate Smeltzer's Fourteenth Amendment rights. Consequently, Smeltzer is not entitled to habeas relief based on that decision. *See* 28 U.S.C. § 2254.

**B. Ground Two: The Jury Instructions**

---

[1] Smeltzer also objects to the Magistrate Judge's conclusion that Smeltzer's counsel primarily elicited the government's experts' testimony on *Burris*. (ECF No. 28 at 2). The analysis in Part III.A.2 applies whether or not the government's experts' testimony on *Burris* was primarily elicited by Smeltzer's counsel.

In *Kansas v. Crane*, the United States Supreme Court held that involuntarily confining someone because of a disorder that makes the person dangerous violates due process unless the person has serious difficulty controlling his or her behavior. 534 U.S. 407, 413 (2002). Smeltzer's Petition contends that his right to due process was violated because the instructions given to the jury at his trial did not state that his disorder must "seriously" affect his ability to control his emotions and behavior. (ECF No. 8 at 32). The California Court of Appeal held that any error in Smeltzer's jury instructions was harmless and therefore did not violate Smeltzer's right to due process. (ECF No. 17 at 5). The Magistrate Judge agreed with the California Court of Appeal on the grounds that "the seriousness required was conveyed to the jurors" by the government's case in chief, Smeltzer's case in chief, the closing arguments, and "the jury instructions as a whole." *Id.* at 20. Smeltzer objects to the Magistrate Judge's conclusion. (ECF No. 28 at 3-4).

Smeltzer's argument is very similar to the argument rejected by the Supreme Court of California in *People v. Williams*, 74 P.3d 779 (Cal. 2003). In that case, the "defendant was committed under the SVPA by a jury that received instructions in the statutory language. However, the jury was not separately and specifically instructed on the need to find serious difficulty in controlling behavior. [The d]efendant claim[ed] a separate 'control' instruction was constitutionally necessary under *Kansas v. Crane*." *Id.* at 780. The Supreme Court of California rejected the defendant's argument, stating

> By its express terms, the SVPA limits persons eligible for commitment to those few who have already been convicted of violent sexual offenses against multiple victims (§ 6600, subd. (a)(1)), and who have "diagnosed mental disorder[s]" (ibid.) "affecting the emotional or volitional capacity" (id., subd. (c)) that "predispose[ ] [them] to the commission of criminal sexual acts in a degree constituting [them] menace[s] to the health and safety of others" (ibid.), such that they are "likely [to] engage in sexually violent criminal behavior" (id., subd. (a)(1)). This language inherently encompasses and conveys to a fact finder the requirement of a mental disorder that causes serious difficulty in controlling one's criminal sexual behavior. The SVPA's plain words thus suffice "to distinguish the dangerous sexual offender whose serious mental illness, abnormality, or

disorder subjects him to civil commitment from the dangerous but typical recidivist convicted in an ordinary criminal case." (*Kansas v. Crane* . . .

*Id.* (alterations in original).

The Court agrees with the Magistrate Judge's analysis in the Report and Recommendation and the Supreme Court of California's analysis in *People v. Williams*. The California Court of Appeal correctly concluded that the language of the jury instructions did not violate Smeltzer's right to due process. Consequently, Smeltzer is not entitled to habeas relief based on the jury instructions. *See* 28 U.S.C. § 2254.

**C. Grounds Three, Four, and Five: The Indeterminate Commitment**

Smeltzer's Petition contends that his indeterminate commitment violates the Ex Post Facto Clause, the Double Jeopardy Clause, the Cruel and Unusual Punishments Clause, the Equal Protection Clause, and the Due Process Clause. (ECF No. 8 at 8-9). The Magistrate Judge concluded that Smeltzer's involuntary commitment violated none of those clauses. (ECF No. 20 at 20-24). Smeltzer objects to the Magistrate Judge's conclusion, but provides no support for his objection. The Court agrees with the Magistrate Judge that, under the current state of the law, Smeltzer is not entitled to relief based on his claims brought under the Ex Post Facto Clause, the Double Jeopardy Clause, the Cruel and Unusual Punishments Clause, the Equal Protection Clause, and the Due Process Clause.

/ / /

**IV. Conclusion**

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 17) is adopted in its entirety. Smeltzer's First Amended Petition for Writ of Habeas Corpus is DENIED without prejudice.

DATED: November 16, 2017

**WILLIAM Q. HAYES**
United States District Judge