# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW L. SMELTZER, | CASE NO. 14-cv-1251-WQH-WVG |
| Petitioner, | |
| v. | **ORDER** |
| AUDREY KING, | |
| Respondent. | |

HAYES, Judge:

Before the Court is the Motion for Certificate of Appealability (ECF No. 33) filed by Petitioner Matthew Smeltzer.

On May 19, 2014 Petitioner commenced this action by filing a Petition for Writ of Habeas Corpus (ECF No. 1). On February 23, 2016, the United States Magistrate Judge issued the Report and Recommendation, recommending this Court deny the Petition. (ECF No. 17). On March 21, 2016, Petitioner filed objections to the Report and Recommendation. (ECF No. 18). On November 16, 2017, the Court adopted the Report and Recommendation in its entirety and denied the Petition. (ECF No. 31). A Clerk's Judgment was issued stating that the Petition is denied. (ECF No. 32). On December 1, 2017, Petitioner filed a Motion for Certificate of Appealability. (ECF No. 33).

A certificate of appealability should be issued only where the petition presents "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "[T]he district court shall indicate which specific issue or issues satisfy the standard for issuing a certificate, or state its reasons why a certificate should not be granted." *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate should issue where the prisoner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Upon review of the record in this case, the Court concludes that Petitioner's fully-exhausted claims in his Petition are non-frivolous and debatable among reasonable jurists. The Court grants Petitioner's Motion for a Certificate of Appealability as to the following claims: (1) that the trial court violated Petitioner's Fourteenth Amendment right to due process when it prevented his counsel from asking expert witnesses certain questions; (2) that the instructions given to Petitioner's jury violated his Fourteenth Amendment right to due process; (3) that Petitioner's indeterminate commitment violates his Fourteenth Amendment right to equal protection; (4) that Petitioner's indeterminate commitment violated his rights under the Due Process Clause, the Ex Post Facto Clause, and the Cruel and Unusual Punishments Clause; and (5) that Petitioner's indeterminate commitment violates the Double Jeopardy Clause of the Fifth Amendment.

DATED: December 14, 2017

**WILLIAM Q. HAYES**
United States District Judge